IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
|  TONY ARNEL MASSENBURG | | Bankruptcy No. 12-27073-TJC |
|     Debtor | * |  (Chapter 7) |
| | *   *   * | |
| ROGER SCHLOSSBERG, TRUSTEE | * | |
| 134 West Washington Street | | |
| Hagerstown, MD 21740 | * | |
|     Plaintiff | | |
| | * | |
|     v. | | Adversary No. _____ |
| | * | |
| BANK OF AMERICA, N.A. | | |
| 100 North Tyron Street | * | |
| Charlotte, NC 28255 | | |
| SERVE: | * | |
|   Bernard J. Kornberg, Esquire | | |
|   Severson & Werson | * | |
|   One Embarcadero Center, Suite 2600 | | |
|   San Francisco, CA 94111 | * | |
|     Defendant | | |
| | *   *   *   *   * | |

**COMPLAINT FOR TURNOVER OF PROPERTY OF ESTATE**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW the Plaintiff, Roger Schlossberg, Trustee, by and through his undersigned counsel, and in support of his *Complaint for Turnover of Property of Estate* (the "*Complaint*"), hereby respectfully represents as follows:

**Jurisdiction, Venue,** *Etc.*

1. The instant bankruptcy proceedings were commenced upon the filing by the Debtor of a *Voluntary Petition* under Chapter 11 of the Bankruptcy Code on or about September 18, 2012,

and an *Order for Relief* thereupon was entered.

2. By *Order Converting Chapter 11 Case to a Case Under Chapter 7* (the "*Conversion Order*") of this Court dated November 13, 2013, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3. This Court is vested with jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and United States District Court Local Rule No. 402. Further, this adversary proceeding is a "core" proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(F). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. § 1409(a). Pursuant to the provisions of Local Bankruptcy Rule 7012(1)(b), your Plaintiff/Trustee hereby consents to the entry herein by this Court of *Final Orders* as contemplated in 28 U.S.C. § 157(c)(2).

**Parties**

4. Upon conversion of the instant case from a proceeding under Chapter 11 to a case under Chapter 7, your Plaintiff Roger Schlossberg duly was appointed Chapter 7 Interim Trustee. Following the commencement of that Meeting of Creditors required by 11 U.S.C. § 341 on December 17, 2013 without the request by creditors for the election of a trustee as permitted by 11 U.S.C. § 702(b) and (c), the appointment of your Plaintiff ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

5. Your Defendant Bank of America, N.A. ("BOA") is a national banking corporation with principal offices located as noted in the caption hereof.

**Factual Background**

6. Included among the assets of the instant Chapter 7 Bankruptcy Estate is all of the

right, title and interest of the Debtor in and to the *TAM Revocable Trust* (the "*Trust*") as established under the terms and conditions of *The TAM Revocable Trust Agreement* dated August 5, 2003, as amended on January 8, 2004 (collectively, the "*Trust Agreement*"; a copy of which being attached hereto and incorporated by reference herein as "Exhibit 1").

      7.  Included among the incidents of ownership of the Debtor in the *Trust* is the right reserved unto the Debtor as the Grantor of the *Trust* "... to revoke, modify or amend (the) Trust Agreement in whole or in part, at any time, upon written notification to that effect, duly executed by the Grantor and delivered to any Trustee then serving (thereunder)...". *Trust Agreement*, Article Fourth.

      8.  By operation of law, all of the right, title and interest of the Debtor in the *Trust*, including the right of revocation thereof, now is vested in the Plaintiff/Trustee.

      9.  Acting pursuant to his authority as Chapter 7 Trustee, your Plaintiff Trustee caused the *Trust* to be revoked as permitted in Article Fourth of the *Trust Agreement* by his correspondence dated December 13, 2013 directed to the Debtor Tony Arnel Massenburg, in his capacity as Trustee of the *Trust*.  See copy of said correspondence attached hereto and incorporated by reference herein as "Exhibit 2".

      10.  Upon information and belief, the *Trust* maintained cash deposits with the Defendant BOA in at least two accounts as of the date of the Plaintiff/Trustee's appointment on November 13, 2013 and as of the date of the Trustee's revocation of the *Trust* on December 13, 2013 (*viz;* Account Nos. \*\*\*\*-\*\*\*\*-5387 and \*\*\*\*-\*\*\*\*-0738; said accounts, together with any other accounts maintained by the *Trust* at the Defendant BOA being hereinafter collectively referred to as the "Accounts").

11. Upon information and belief, there presently is maintained in the Accounts an aggregate sum of not less than approximately $170,000.00.

12. By virtue of the Trustee's action revoking the *Trust Agreement* effective as of December 13, 2013 at 3:00 p.m., all of the monies maintained in the Accounts as of that date and time constitute property of the Estate as that term is defined in 11 U.S.C. § 541.

### Turnover of Accounts

13. Your Defendant BOA is not a "custodian" of the Accounts as that term is defined in 11 U.S.C. § 101(11) and as contemplated in 11 U.S.C. § 542(a).

14. The Accounts constitute property that the Trustee may use, sell or lease under 11 U.S.C. § 363, or that the Debtor may exempt under 11 U.S.C. § 522.

15. The Accounts are not of inconsequential value or benefit to the instant Bankruptcy Estate.

16. Pursuant to the provisions of 11 U.S.C. § 542(a), the Defendant BOA is required to: (a) deliver the Accounts to the Plaintiff/Trustee; and (b) account for said Accounts.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. ORDER that the Defendant BOA forthwith turnover the Accounts to the Plaintiff/Trustee.

2. , ORDER that the Defendant BOA forthwith provide a complete accounting with respect to said Accounts from November 13, 2013 to the date of turnover of said Accounts.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

SCHLOSSBERG & ASSOCIATES

By: /s/ *Roger Schlossberg*
     Roger Schlossberg
     134 West Washington Street
     P.O. Box 4227
     Hagerstown, MD  21741-4227
     (301) 739-8610